### JIM NIXON v. THE STATE.

#### No. 3825.   Decided April 15, 1908.

**1.—Murder—Evidence—Examining Trial Testimony—Confronting-Witnesses.**

Where a defendant charged with crime has had an examining trial, duly held, being confronted with the witnesses against him, and has had the right to the opportunity of cross-examination, the testimony so given and properly authenticated, may, in the event of the death of such witness or his removal beyond the jurisdiction of the court, be received against him. Following Black v. State, 1 Texas Crim. App., 368; Dowd v. State, 52 Texas Crim. Rep., 563; 108 S. W. Rep., 389.

**2.—Same—Predicate.**

Before the testimony of an examining trial can be introduced in evidence a proper predicate must be laid.

**3.—Same—Case Stated.**

Where upon trial for murder, the examining-trial testimony of a witness beyond the jurisdiction of the court was introduced in evidence over the objections of the defendant, and said testimony did not distinctly show whether the defendant was present at the time it was taken; or that it was given at an examining trial or at an inquest; that the defendant waived examination by agreement; and that it was not distinctly shown whether said absent witness was beyond the jurisdiction of the court, said examining-trial testimony, being of a damaging character to defendant, was inadmissible, and its admission was reversible error.

Appeal from the District Court of Lampasas. Tried below before the Hon. John N. Furman.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

. The opinion states the case.

*E. T. Brooks* and *Leonard Doughty,* for appellant.—On question of constitutional requirement that defendant must be confronted by the State's witnesses: Constitution of Texas, art. 1, sec. 10; Code Crim. Proc., arts. 338, 1028; Cline v. State, 36 Crim. Rep., 320; Byrd v. State, 26 Texas Crim Rep., 374; 9 S. W. Rep., 759; Greenwood v. State, 35 Texas, 587; Smith v. State, 73 S. W. Rep., 401; People v. Fisk, 125 N. Y., 136; Ryan v. People, 21 Colo., 119; People v. Plyer, 126 Cal., 379; Sneed v. State, 47 Ark., 180; People v. Case, 105 Mich., 92; State v. King, 24 Utah, 432; State v. Frederic, 69 Me., 400; Jackson v. Crilly, 16 Colo., 103; O'Brien v. Comm., 6 Bush., 563; Rex. v. Paine, 5 Mod., 163; Frederic v. State, 39 So. Rep., 915; State v. Thomas, 64 N. C., 74; People v. Molins, 10 N. Y. Supp., 130; State v. Kline, 109 La., 603; Anderson v. State, 89 Ala., 12; People v. Restell, 3 Hill (N. Y.), 289; Motes v. U. S., 178 U. S., 458.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Lampasas County for the murder of Tom Brown. He was on trial convicted of murder in the second degree, and his punishment assessed at five years confinement in the penitentiary.

There are a great number of questions raised in the appeal, but we deem it necessary to consider only a few of them. The most important question perhaps arising in the record is the action of the court in admitting the testimony of one Ruth Cameron, claimed to have been taken on the examining· trial proceedings had on the day of the homicide. This testimony when offered was objected to, and the point saved both by bill of exceptions and in appellant's motion for a new .trial. The ground of the motion for a new trial is thus stated: "Because the court erred in admitting in evidence the written testimony of Ruth Cameron, which was prejudicial to the defendant as shown by defendant's first bill of exceptions. Such testimony being inculpatory against him, and being virtually all the testimony tending to show that he was guilty of the offense of which he was convicted, and which is in some regards contradictory of the defendant's testimony introduced, and which testimony introduced was a mere written statement purporting to be the testimony of said witness taken at an examining trial; there being no proof going to show beyond a reasonable doubt, or in such manner as is required by law, that such testimony was given by said Ruth Cameron, if indeed given by her, in the presence of the defendant, or that he was ever confronted by said witness, or had the opportunity to

cross-question her. The only evidence in that regard being the testimony of one John Nichols, J. P., and one J. K. Morriss, and the record of the justice court reciting that examination was waived, (which record itself was inadmissible) none of such testimony or evidence showing that defendant was ever confronted by said witness, nor is her absence sufficiently accounted for, all of which is shown in defendant's first bill of exceptions, to which reference is made." The proposition submitted by appellant in his brief, under this ground of his motion for a new trial, is as follows: "A defendant must be confronted with the witnesses against him, and testimony, such as that of Ruth Cameron, which was read in this case from the proceedings of an examining trial or inquest, is not legal against defendant, and being virtually the only inculpatory evidence against him, and greatly to his prejudice, is reversible error." We think, as presented in the record before us, that the objection to the proposed testimony should have been sustained on the proof as made, and that the case must be reversed by reason of the failure of the court so to do. It may now be regarded as the settled rule of this State that where a defendant charged with crime has had an examining trial, duly held, being confronted with the witnesses against him, and had the right to the opportunity of cross-examination, the testimony so given and properly authenticated, may, in the event of the death of such witness, or his removal beyond the jurisdiction of the court, be received against him. Black v. State, 1 Texas Crim. App., 368; Simms v. State, 10 Texas Crim. App., 131; and Dowd v. State, 52 Texas Crim. Rep., 563; 108 S. W. Rep., 389. But it has uniformly been held by this court that a proper predicate must be laid before testimony given at an examining trial by a witness since deceased can be legally admitted. Dowd v. State, 52 Texas Crim. Rep., 563; 108 S. W. Rep., 389. We do not believe, in the first place, that the fact of the removal of this witness beyond the jurisdiction of the court was so clearly and incontestably shown as to have made the testimony admissible, even if properly authenticated, or if it had first been shown it was given under such regulations and subject to such conditions as would make it admissible. The facts in respect to this matter are fully preserved and shown by bill of exceptions, and are all incorporated in such bill.

It appears that one John Nichols was at the time of the homicide, justice of the peace in Lampasas County. He testified as follows: "We had an examining trial about the killing of Tom Brown by Jim Nixon, and we also held an inquest and we kinder threw the two together. I am not sure whether Nixon was present or not; it is my custom always to have the defendant present at an examining trial. I made a record in the examining trial case and I am satisfied it shows the truth, because I never make any record but what is strictly the truth." The witness thereupon identified the record entry of the judgment on the justice of the peace's docket as follows: "August 6, 1906. The State of Texas vs. Jim Nixon. Warrant issued this the 6th day of

August, 1906. Now on this the 6th day of August, 1906, came the State by her attorney and the defendant appeared in person, whereupon the complaint was read charging the defendant with murder, whereupon the defendant waived an examination and consents that the court may hold him to bail to await the action of the grand jury of Lampasas County, Texas, and now here fixes the amount of bail at the sum of one thousand ($1,000) dollars. It is, therefore, considered, ordered and adjudged by the court that the defendant, Jim Nixon, be held to bail in the sum of one thousand ($1,000) dollars conditioned for his personal appearance before the Honorable District Court of Lampasas County, Texas, at its next regular term to be begun and holden in the court-house in the town of Lampasas, Lampasas County, Texas, on the first Monday in October, said Monday being the first day of October, A. D., 1906, then and there to answer the State of Texas upon such bill of indictment as may be presented against him by the grand jury of Lampasas County, Texas, for the crime of murder, and in default of such bond the defendant shall be committed to jail." This judgment entry, it should be stated, was objected to because the same did not show or prove that the defendant was present at the time the testimony of Ruth Cameron was taken, and does not so recite, and no presumption that he was so present can be indulged, and because the same was irrelevant and immaterial, and is valid in law for no other purpose than to show that the defendant appeared and waived the examination and consented to the court's holding him to await the action of the grand jury. In this connection the district attorney, John D. Robinson, was sworn, and after testifying he was district attorney, said, "that in trying to get the witness, Ruth Cameron, he was informed that she lived with her father in Titus County, Texas, and that he sent a subpœna there which was returned by the sheriff not executed, he stating in the return that the witness was then in Oklahoma. The defendant objected to the testimony as to the recitals in the return of the sheriff because the same was hearsay. Mr. Robinson also testified that he was afterwards informed of the address of Ruth Cameron in Oklahoma, and wrote and mailed her a letter there asking her to come to the State line so he could have her served with a subpœna. That he got an answer in return signed "Ruth Cameron" in which she declined to come. That this occurred about a month before the trial. On cross-examination he stated that he did not know of his own knowledge anything about the whereabouts of Ruth Cameron further than stated. That he had some communication with her father who lives in Titus County, Texas, and he wrote him as to her whereabouts. This was all the testimony in respect either to the examining trial or as to the whereabouts of Ruth Cameron. The statement of Ruth Cameron which was introduced in evidence is a narrative statement appearing, as the bill shows, on two disconnected sheets of paper, and contains no suggestion, intrinsically, that the witness was in fact cross-examined by appellant or on his behalf. As stated, we have held in the case of Porch v. State, 51 Texas Crim.

Rep., 7; 99 S. W. Rep., 1122, overruling the case of Cline v. State, 36 Texas Crim. Rep., 320, that in a proper case testimony of a deceased witness may be reproduced against a defendant. Such ruling is a departure from the general rule requiring that in every case a defendant shall be confronted with the witnesses against him, and such departure should never be tolerated or permitted at all unless the State has brought itself clearly within the exception to the general rule. In this case it appears that they had and held both an examining trial and inquest. It does not distinctly appear whether the appellant was present when the testimony of Ruth Cameron was given, nor does it appear whether such testimony was given on the examining trial or at the inquest proceedings. The fact that an examination was waived and bail in the sum of $1,000 was allowed by agreement, would seem to rebut the fact that appellant was present when such testimony was taken, and indeed rebut the presumption that any testimony was taken at all at the examining trial. Again, we doubt if the absence of Ruth Cameron beyond the jurisdiction of the court was sufficiently shown. In many States of the union where the testimony of the deceased witness is permitted to be introduced, the testimony of an absent witness is not permitted to be introduced. The whereabouts of Ruth Cameron was indeed very indefinitely shown, and we do not believe, under the circumstances, that it was proper for the court to permit the introduction of this testimony. As stated in the motion for a new trial, the testimony of Ruth Cameron was the most damaging testimony offered against appellant in the case, and being inadmissible, it clearly calls for a reversal.

There are a number of other questions in the record, but we deem it unnecessary to discuss them. Except for the error of the court in permitting the testimony of Ruth Cameron, we think that appellant is without substantial ground of complaint.

For the error discussed, the judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*