Terry L. **PRICKETT** and Carl M. Prickett, Appellants,

v.

Neal R. **ALLEN**, Trustee in Bankruptcy of Data General, Inc., a Bankrupt, Appellee.

No. 4507.

Court of Civil Appeals of Texas, Eastland.

Dec. 17, 1971.

Sanders, Miller & Baker, Ronald D. Nickum, Amarillo, for appellants.

L. A. White, Amarillo, for appellee.

COLLINGS, Justice.

Neal R. Allen, trustee in bankruptcy of Data General, Inc., a bankrupt, brought

this suit against Terry L. Prickett and Carl M. Prickett, seeking to recover the face or stated value of certain shares of original stock issued to the defendants by Data General, Inc. Plaintiff alleged that no consideration as defined by the Texas Constitution was given by the defendants for such stock. The trial court granted summary judgment for the plaintiff as prayed. Terry L. Prickett and Carl M. Prickett have appealed.

The record shows that on July 29, 1969 Data General, Inc. a Texas corporation was formed by Terry L. Prickett and others; that the corporate purpose of Data General, Inc. was to handle the data processing needs of banks, feed lots and general business organizations in the Amarillo area. Terry L. Prickett was elected President and Carl M. Prickett was elected Vice-President of the corporation. Upon motion duly made, Terry L. Prickett was issued 45,000 shares of the non par capital stock of the corporation and Carl M. Prickett was issued 5,000 shares of such corporation. The motion, incorporated in plaintiff's original petition, reflects that these shares were issued to the defendants in consideration for the transfer by the defendants to the corporation of a computer package with plans and techniques related to the computer business and the planned subsidiaries. Thereafter the corporation became a bankrupt and this suit was brought against Terry L. Prickett and Carl M. Prickett for the value of the shares issued to them. The basis of the suit was that the computer package with plans and techniques related to the computer business and its planned subsidiaries were not delivered to the corporation, and in the alternative that the nature of any such computer package was so unsubstantial and shadowy in nature that it did not constitute the type of consideration required by Section 6 of Article 12 of the Texas Constitution, Vernon's Ann.St. The defendants replied by general denial. Plaintiff then filed its motion for summary judgment supported by the affidavit of Charles W. (Bill) Griswold which asserts that the

defendants failed to deliver the computer package to the corporation; that instead the corporation was forced to develop, write and produce the computer package after the corporation had been formed, and that this contributed to the bankruptcy of the corporation. The defendants in reply thereto submitted the affidavit of Terry L. Prickett in which he stated that he did deliver the computer package to the corporation.

■ In appellants' first point it is contended, in effect, that the court erred in rendering summary judgment for appellee by holding that appellants failed to deliver the computer package to the corporation. This point is well taken. As above noted appellant's reply to appellee's motion for summary judgment submitted the affidavit of Terry L. Prickett in which he stated that he did deliver the computer package to the corporation. Such statement by Terry L. Prickett is in direct conflict to the assertions in appellee's affidavit essential to his primary cause of action, and presents a material issue of fact for determination.

In appellants' second point of error it is contended that the court erred in holding as a matter of law that appellee was entitled to recover upon his alternative cause of action because such alternative cause of action was disputed by summary judgment proof. The alternative cause of action alleged by appellee in its original petition was substantially as follows:

"Alternatively, the nature of any such 'computer package, plans and techniques related to the computer business and the planned subsidiaries', which may have been delivered by the said TERRY L. PRICKETT to DATA GENERAL, INC. were rights so unsubstantial and shadowy in nature that they did not constitute the type of consideration required by Sec. 6 of Article 12 of the Constitution of the State of Texas, which provides that 'no corporation shall issue stocks or bonds except for money paid,

labor done or property actually received.'"

Appellee, in support of its alternative cause of action, cited the case of O'Bear-Nester Glass Co. v. Anti-Explo Co. et al., 101 Tex. 431, 108 S.W. 967, 109 S.W. 931 (1908) where it was held that an unpatented formula is a qualified property right and is not property within Article 12, Sec. 6 of the Constitution, and that parties receiving stock in return for such formula will be liable to the creditors of the corporation for the face value of their stock.

Section 6 of Article 12 of the Texas Constitution provides that:

"No corporation shall issue stocks or bonds except for money paid, labor done or property actually received . . ."

The defendants in answer to appellee's motion for summary judgment submitted the affidavit of Terry L. Prickett which sets out labor done for the shares issued to him as follows:

"2. The shares of stock which were issued to me by Data General Inc., were in consideration for my services to the corporation by virtue of my having made an assessment of the market in the Amarillo area to determine whether the services of a corporation of this nature could be profitably marketed in this area.

3. In connection with my analysis of the market in this area I personally financed the travel and lodging of a team of computer experts from Missouri to Amarillo, in order that they might make a survey of the general area, of the feedyards which our corporation would service, and of the market in general for the type of services which this corporation would supply.

4. I personally financed my own travel and lodging to St. Louis and Kansas City to inspect different kinds of equipment which the corporation would use and to evaluate the software available which would best suit the corporation's design.

5. I organized a staff of trained personnel which could competently conduct the computer programing and research necessary to a venture of this nature and spent a considerable amount of time at my own personal expense traveling to conferences with various persons in my effort to enlist a staff of competent personnel.

6. I spent several months designing a computer system, evaluating different types of programs for it, and selecting equipment and software suitable for it, all of which were elemental necessities to the birth of Data General, Inc. The system design that I formulated was based upon two factors: (a) my knowledge of the market conditions in this area, gained by my travel and personal survey of this area and equipment in other areas which could be purchased for this area, at my personal expense, and (b) my background and expertise in the field of computer programing and system design in general.

7. The results of the surveys I conducted, and the study and research that I performed, after being organized into a coherent package, were transferred in whole to the corporation and accepted by it. Based upon the information which I made available to the corporation, I was issued 45,000 shares of the non par capital stock of said corporation."

It thus appears that even if a computer package, as contemplated by the parties, was not delivered by Terry L. Prickett to General Data, Inc., still according to appellant's affidavit, labor was expended by Prickett which satisfied the constitutional requirement and constituted sufficient consideration for the shares of stock issued to appellants. The summary judgment evidence thus presents a controversy, or material fact issue as to whether the computer package was delivered to the corporation, whether such computer package constituted sufficient consideration, and even if it did not, whether labor expended

by Terry L. Prickett was sufficient consideration for the shares of stock issued to appellants.

For the reasons stated the judgment is reversed and the cause is remanded for trial on the merits.