## N. W. Ladner v. Reliance Corporation Et Al

No. A-5759. Decided October 3, 1956.
(293 S.W. 2d Series 758)

*Joe H. Tonahill* and *Jerry P. Fortenberry,* of Jasper, for appellants.

*Oster & Kaufman,* of Dallas, *Norman, Rounsaville & Hassell,* of Jacksonville, for appellees.

MR. JUSTICE WALKER delivered the opinion of the Court.

The principal question we are required to determine in this case, which is before us on certificate from the Court of Civil Appeals at Beaumont, is whether the allegations of the plaintiff's petition are "the best and all-sufficient evidence" that a defendant is a necessary party to the suit under subdivision 29a of Art. 1995, Vernon's Ann. Texas Civ. Stat.

Appellant, N. W. Ladner, instituted a suit in the District Court of Jasper County against his sister, Mrs. Margueritte A. Newman, and her husband, who reside in Alabama, and three corporate defendants, who are the appellees. The petition alleges that in 1952 Mr. and Mrs. Newman entered into a written contract with appellant's father, J. J. Ladner, by the terms of which said defendants obtained the right to manufacture and sell in all of the United States except Mississippi, Louisiana, Florida and Texas, a livestock medicine known as "Ladner's," the formula to which is a valuable trade secret, and obligated themselves not to compete for ten years in the manufacture and sale of such product in the four excepted states; that appellees had notice of such contract and by their conduct became parties thereto; that as part of the same transaction, J. J. Ladner granted to appellant for a period of ten years the exclusive right to manufacture and sell such product in Texas; that Mr. and Mrs. Newman, personally and through appellees, and ap-

pellees under claim of right from Mr. and Mrs. Newman, have been and are producing and marketing in various sections of Texas a similar product known as "8-Plus," which is compounded from the J. J. Ladner formula; and that Mr. and Mrs. Newman have an interest, contractual or otherwise, in the corporate defendants. Appellant prayed that the defendants be enjoined from producing or marketing "8-Plus" or any similar product compounded from the J. J. Ladner formula, that appellant be adjudged the owner of all rights, royalties and trade secrets to "Ladner's," that the defendants be required to render an accounting of profits, and for damages.

Mr. and Mrs. Newman filed a general denial. Appellees, two of which are organized under the laws of Alabama and the third under the laws of Texas, filed pleas of privilege to be sued in Harris County, the principal place of business of the Alabama corporations and the residence of the Texas corporation. Appellant's controverting affidavits assert that the suit is lawfully maintainable in Jasper County against Mr. and Mrs. Newman under subdivision 3 of Art. 1995, and against appellees under subdivision 29a.

At the hearing on the plea of privilege, which was before the trial court without a jury, appellant established that he resides in Jasper County and that Mr. and Mrs. Newman are residents of Alabama, and offered considerable evidence concerning his cause of action against such defendants. The trial court sustained the pleas of privilege, and this judgment was affirmed by the Court of Civil Appeals, which concluded: (1) that the suit is maintainable in Jasper County against Mr. and Mrs. Newman under subdivision 3; (2) that according to the allegations of the petition, appellees are necessary parties to the suit within the meaning of subdivision 29a; (3) that appellant has not proved by competent evidence that appellees are necessary parties to the suit; and (4) that the allegations of the petition alone do not discharge appellant's burden of proving that the trial court has venue of appellees under the last mentioned subdivision. 288 S.W. 2d 129.

Pursuant to a motion to certify duly filed by appellant after his motion for rehearing was overruled, the Court of Civil Appeals has certified to us the following two questions:

1. In view of the first two of our conclusions stated above, did we err in holding that the allegations of the petition alone were not enough to show, or were not proof, as a matter of law,

that the trial court also had venue of the suit against appellees under Subdivison 29a of Article 1995, in combination with Subdivision 3 of said article?

2. If we did not err in this holding, then what facts alleged in the petition was appellant Ladner required to prove in order to show that the trial court did have venue of the suit against appellees under Subdivisions 29a and 3 of Art. 1995? That is, was appellant Ladner required to prove a joint cause of action against appellees and Mrs. Newman and her husband? Or only a cause of action against Mrs. Newman and her husband, the defendants who resided out of the State of Texas? Or if not these matters, then the fact or facts which make the appellees necessary parties to the cause of action against Mrs. Newman and her husband?

■ We answer the first question in the negative. It is incumbent upon a plaintiff who seeks to maintain venue under any exception of Art. 1995 to plead and prove the facts, usually referred to as the venue facts, which bring the case within that exception. In some instances the courts by judicial construction have required the plaintiff to establish venue facts which are not specified in the statute, but as a general rule the facts which the plaintiff must allege and prove are those stated in the particular exception upon which he relies. See Compton v. Elliott, 126 Texas 232, 88 S.W. 2d 91; Stockyards Nat. Bank v. Maples, 127 Texas 633, 95 S.W. 2d 1300.

■ Exception 29a is one which is never considered alone, but always in conjunction with some other subdivision of the statute. A plaintiff who relies upon this exception must therefore allege and prove: (1) the venue facts which show that the suit is maintainable where brought against at least one defendant under another subdivision of the statute, and (2) that the remaining defendants, whom he seeks to hold under subdivision 29a, are necesary parties to the suit within the meaning of that subdivision. We are not concerned at this point with the first of these requirements, and in the ensuing discussion of the manner in which the plaintiff must prove the venue facts to hold a defendant under subdivision 29a, we assume that it has been properly established that the suit is maintainable where brought against another defendant under some other subdivision.

Whether the plaintiff must prove by independent evidence that the defendant whom he seeks to hold under exception 29a is a necessary party to the suit, is a problem which has troubled

our courts of civil appeals for many years. The question has been certified to us on at least one previous occasion, but was not reached in our decision of the case. See Moreland v. Hawley Independent School District, 140 Texas 391, 168 S.W. 2d 660.

Before examining the applicable decisions of the courts of civil appeals, it is necessary to notice the case of Stockyards Nat. Bank v. Maples, supra, where it was held that the plaintiff who wishes to maintain venue under subdivision 4 must prove that one defendant resides in the county and that he has a cause of action against such defendant, and allege facts showing that the nonresident defendant is properly joined in the suit, but need not prove a cause of action against the latter. The opinion points out that the language of the subdivision names as one of the venue facts to be alleged and proved by the plaintiff that the suit is brought against two or more defendants, and that this contemplates a suit in which the defendants are properly joined. It is then reasoned that whether the defendants are properly joined is a matter which pertains to the nature of the suit, and that proof that the suit is of such a nature is supplied by the plaintiff's petition, for it is "the best and all-sufficient evidence of the nature of the action."

In a number of decisions the courts of civil appeals have taken the position that proof that a defendant is a necessary party to the suit within the meaning of subdivision 29a is supplied by the allegations of the plaintiff's petition. Reed v. Walker, Texas Civ. App., 158 S.W. 2d 894; Crawford v. Sanger, Texas Civ. App., 160 S.W. 2d 115; Moreland v. Hawley Independent School District, Texas Civ. App., 163 S.W. 2d 892, 169 S.W. 2d 227 (decisions of Supreme Court on petition for mandamus and certified questions in 140 Texas 170, 166 S.W. 2d 902; 140 Texas 391, 168 S.W. 2d 660) ; Ulmer v. Dunigan Tool & Supply Co., Texas Civ. App., 163 S.W. 2d 901; Monte Oil Co. v. McFall, Texas Civ. App., 114 S.W. 2d 596; Southwestern Peanut Growers Ass'n. v. Womack, Texas Civ. App., 179 S.W. 2d 371. See also Dunn v. Johnson, Texas Civ. App., 274 S.W. 2d 108. In reaching this conclusion, the courts have relied primarily upon the Stockyards National Bank case, reasoning that whether a defendant is a necessary party to the suit under Subdivision 29a also pertains to the nature of the suit and is established by the allegations of the petition.

Other decisions hold, either expressly or by necessary implication, that the petition alone is not sufficient, and that a plaintiff who relies on Subdivision 29a must prove by inde-

pendent evidence the facts which require the joinder of the defendant as a party to the suit. Williams v. First Nat. Bank of Midland, Texas Civ. App., 115 S.W. 2d 1209 (writ dis.); Stephenville Production Credit Ass'n. v. Drake, Texas Civ. App., 226 S.W. 2d 888; Agua Dulce Supply Co. v. Chapman Milling Co., Texas Civ. App., 37 S.W. 2d 768; Brown v. Neyland, Texas Civ. App., 62 S.W. 2d 227; Safety Convoy Co. v. Largen, Texas Civ. App., 84 S.W. 2d 754 (wr. dis.) Gibson Oil Corporation v. Grayburg Oil Co., Texas Civ. App., 40 S.W. 2d 222; Thomason v. Sparkman, Texas Civ. App., 55 S.W. 2d 871. See also Ward v. Davis, Texas Civ. App., 262 S.W. 2d 533, and Stark v. Super-Cold Southwest Co., 239 S.W. 2d 402 (mand. over.).

■ There is a rational basis for accepting the allegations of the petition as sufficient proof under Subdivision 4 that the non-resident defendant is properly joined as a party to the suit. That subdivision by its terms requires only that the suit be against two or more defendants, and there is no better proof of this fact than the petition itself. A nonresident defendant who is not a proper party to the suit is entitled to go out of the case on a plea of misjoinder, and hence is not prejudiced by permitting the plaintiff to maintain venue without proving by independent evidence that such defendant is a proper party. But a person who is a proper party may not be a necessary party within the meaning of Subdivision 29a, and as pointed out in Moreland v. Leslie, 140 Texas 170, 166 S.W. 2d 202, the Stockyards National Bank case has never been authority for holding that the petition may be used to prove the venue facts under any subdivision other than No. 4.

■ The allegations of the petition determine the nature of the suit, but the question of whether a defendant is a necessary party does not always pertain to or turn upon the nature of the suit. In many instances the petition alleges facts which, if true, require the joinder of a particular person, but the petition itself does not conclusively prove the truth of these allegations. A junior lienholder or person in possesion of or claiming an interest in the security is a necessary party to an action to foreclose a note and mortgage on either real or personal property. The petition may allege that a defendant is a junior lienholder or in possession of or claiming an interest in the security, but such defendant is a necessary party to the suit only if that allegation is true. See Pioneer Building & Loan Ass'n. v. Gray, 132 Texas 509, 125 S.W. 2d 284; Clingingsmith v. Bond, 150 Texas 419, 241 S.W. 2d 616; Williams v. First Nat. Bank of Midland, supra; Stark v. Super-Cold Southwest Co., supra; Stephenville

Production Credit Ass'n. v. Drake, supra; and Gibson Oil Corporation v. Grayburg Oil Co., supra.

■ There are some situations in which the plaintiff is not required to prove all of his essential venue facts by independent evidence. Under our statutes and rules certain facts will be taken as admitted unless the defendant puts the same in issue by a verified pleading, and the plea of privilege does not constitute a verified denial of any allegation of plaintiff's petition required to be denied under oath unless specifically alleged in such plea. See Rules 86 and 93, Texas Rules of Civil Procedure. When a venue fact is one which can be put in issue only by a verified pleading and the defendant does not interpose such a plea, the plaintiff is not required to prove the same. And there are other cases in which a venue fact may be established as a matter of law by the allegations of the petition. For example a corporation is an indispensable party to a suit brought by the stockholders for its benefit. The venue fact that the plaintiffs sue for the benefit of the corporation pertains to the nature of the suit and is conclusively established by the allegations of the petition. There is no other or better proof of that fact, and the plaintiff is not required to prove the same by independent evidence.

■ Subdivision 29a was enacted for the benefit of the plaintiff to enable him to bring suit in any county where the same may be maintained against at least one defendant under any other exception to Art. 1995, and to obtain the full relief to which he may be entitled in that suit. See Pioneer Building & Loan Ass'n. v. Gray, supra. As stated in Compton v. Elliott, supra, proof of the venue facts is the price which the plaintiff pays for the benefit he expects to derive from the exception. It is our opinion that a plaintiff who relies on Subdivision 29a to maintain venue of a defendant in the county of suit must not only allege the facts which make such defendant a necessary party to the suit within the meaning of that subdivision, but must also prove by independent evidence all of such facts except those which are taken as admitted under the pleadings or which are established as a matter of law by the allegations of the petition.

■ Turning now to the facts which appellant was required to prove to overcome the pleas of privilege, we agree with the Court of Civil Appeals that the facts necessary to maintain venue in Jasper County against Mr. and Mrs. Newman under Subdivision 3 were established when appellant proved that he is a resident of that county and that said defendants reside

outside of Texas. The existence of a cause of action is not an essential venue fact under that subdivision. See Ward v. Davis, Texas Civ. App., 262 S.W. 2d 533 (no writ history); Camtex Oil Corporation v. Huffhines, Texas Civ. App., 273 S.W. 2d 471 (no writ history).

■ When an action is maintainable in a particular county under some subdivision other than 29a, the plaintiff, if successful, will be entitled to certain relief in the suit which thus can be brought in such county. Every person whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in the suit which can thus be maintained in that county is a necessary party within the meaning of Subdivision 29a. Commonwealth Bank & Trust Co. v. Heid Bros., 122 Texas 56, 52 S.W. 2d 74; Pioneer Building & Loan Ass'n. v. Gray, supra; Union Bus Lines v. Byrd, 142 Texas 257, 177 S.W. 2d 774; Tarrant v. Walker, 140 Texas 249, 166 S.W. 2d 900; Ramey & Mathis v. Pitts, 149 Texas 214, 230 S.W. 2d 211; Clingingsmith v. Bond, supra. It was, therefore, incumbent upon appellant to establish that the joinder of appellees is necessary to enable him to obtain full and effective relief in the suit which he is entitled to maintain in Jasper County against Mr. and Mrs. Newman under Subdivision 3.

Appellant alleges that the defendants jointly violated the contract with J. J. Ladner and are bound to respond to appellant in damages and account to him, jointly, for the profits they have received as a result of their breach of contract and unfair trade practice. Where the plaintiff, if he recovers, will be entitled to a joint judgment against two defendants and the suit is maintainable where brought as to one of the defendants under another subdivision of Art. 1995, the other defendant is a necessary party within the meaning of Subdivision 29a. Commonwealth Bank & Trust Co. v. Heid Bros., supra; Ramey & Mathis v. Pitts, supra. Appellant would, therefore, be entitled to maintain venue of the suit against appellees in Jasper County by proving a joint cause of action against appellees and the Newmans.

■ Appellant also prays for injunctive relief and an adjudication of his rights in the trade secret as against all defendants. The evidence discloses that "Ladner's" is not patented. The trade mark under which it is sold has been registered, but defendants are selling their product under a different name and label. As we understand the allegations of the petition, appellant seeks to prevent unfair competition resulting from the

unauthorized use of a trade secret. An unpatented secret formula is not regarded as "property" within the meaning of some provisions of our Constitution, but the owner or inventor of such a secret has a qualified property right in it to the extent that he is entitled to maintain the secrecy of his invention, and to prevent its disclosure or use by one who obtained a knowledge of it through fraud or breach of contract with him. See O'Bear-Nester Glass Co. v. Anti-Explo Co., 101 Texas 431, 108 S.W. 967, 109 S.W. 931, 16 L.R.A. N.S. 520, 130 Am. St. Rep. 865; Glass v. Kottwitz, Texas Civ. App., 297 S.W. 573 (wr. ref.). To hold appellees as necessary parties on this phase of the case, appellant must prove that they have an interest in the subject matter of the suit which would be affected by any decree completely adjudicating the rights of appellant and the Newmans, or that no effectual decree could be rendered without their joinder. Proof of such facts would bring appellees within the equitable rule requiring their joinder as necessary parties to the suit.

The evidence discloses that in 1953 Mrs. Newman, assigned the right to make "8-Plus" to one of the Alabama companies, the assignment reciting that she originated and is entitled to obtain a patent on the product. The assignee later sold the same to the Texas corporation, which subsequently assigned its rights to the other Alabama corporation. The two Alabama companies admit that they have been and are selling "8-Plus" in Texas under claim of right from the Newmans, and have been and are paying the latter royalty or revenue from the marketing thereof. It also appears that "8-Plus" performs the same function as and is sold in competition with "Ladner's," and the labels on the two products indicate that they contain the same ingredients. The quantities of the various ingredients in each product are not shown, and appellant did not establish by evidence admissible against appellees that "8-Plus" is compounded from the J. J. Ladner formula.

 The subject matter of appellant's suit against the Newmans is the right to market in Texas "Ladner's" or a product under any other name which is prepared from the J. J. Ladner formula. The fact that appellees are selling "8-Plus" in Texas in competition with "Ladner's" and under claim of right from the Newmans, does not establish that the former have any connection with the controversy between appellant and the Newmans. Since appellant did not also prove that "8-Plus" is prepared from the J. J. Ladner formula, or that the Newmans have disclosed such formula to appellees, or that the latter are selling

or claiming the right to sell a product compounded therefrom, he has failed to establish that he will be entitled to a joint judgment against the Newmans and the appellees, or that the latter are necessary parties to his suit against the Newmans under the equitable rule mentioned above. It is our opinion, therefore, that the Court of Civil Appeals properly affirmed the judgment of the trial court in this case.

Opinion delivered October 3, 1956.