James **FENDLEY** et al., Appellants,

v.

Robert E. **LANGSTON** et al., Appellees.

No. 4250.

Court of Civil Appeals of Texas.

Waco.

July 23, 1964.

Beard, Kultgen & Beard, Waco, for appellants.

Lamar Carnes and James C. Boone, Houston, for appellees.

WILSON, Justice.

Appellants sued a resident of Limestone County and a resident of Harris County in the district court of McLennan County. The Harris County defendant's plea of privilege was sustained. The petition and controverting plea alleged appellants had been induced to execute a promissory note payable to the Harris County resident by the false representations of the Limestone County resident made in the county of suit concerning the financial condition of a corporation organized by the latter defendant. It was alleged the agents of the Harris County defendant knew these facts, and knowing that the representations were false, encouraged appellants to sign the note by their own false representations that the business of the co-defendant had been profitable.

Declaratory judgment was sought against the Harris County defendant that consideration for the note had failed and appellants had no liability thereon. There was a further prayer that appellants have judgment against the other defendant "on account of the fraud hereinabove alleged for any amount which they may be required to pay" to the payee of the note.

Appellants rely on subds. 29a and 7 of Art. 1995, Vernon's Ann.Civ.St., asserting proof of fraud by the Limestone County defendant committed in the county of suit made the action lawfully maintainable as to that defendant, and required the plea of privilege to be overruled because the other defendant is a "necessary party." Under subd. 29a such a necessary party is one whose joinder is necessary to afford plaintiff the full relief to which he is entitled *in the suit "which can thus be maintained in that county"* of suit under some subdivision other than 29a. (Subd. 7, e. g., as here). Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, 764. As held in the latter case, it is incumbent on plaintiffs to establish the necessity of such joinder in the action they are shown to be entitled to maintain in the county of suit against the defendant corresponding to the Limestone County defendant here.

Appellants' argument for reversal is that the relief sought by them is a judgment that the Limestone County defendant "must pay them whatever they owe" the Harris County defendant and "this can't be determined without joinder" of the latter. The fallacy is that appellants have prayed for a judgment that they owe the latter defendant nothing and there is no demand by that defendant in this suit. There is not yet a claim the plaintiffs owe that defendant anything. The court could grant no relief, under the pleadings, which appellants say constitutes the necessity for joinder. It could not determine what is owed so as to render judgment for any sum against the Limestone County defendant,

**364**

for that was not an issue in the case. It could not be made an issue by an anticipatory pleading to which there was no response by the prospective claimant. It was not a necessary party to the suit against the other defendant. Affirmed.