**HERMES GRAIN COMPANY et al.,**
**Appellants,**

**v.**

**J. I. HAILEY, Appellee.**

**No. 431.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 27, 1968.

Schneider & Schneider, R. E. Schneider, Jr., George West, for appellants.

Keys, Russell, Watson & Seaman, R. Kinnan Golemon, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from an order of the district court of Live Oak County, Texas, overruling appellants' pleas of privilege to be sued in Lavaca County, Texas. In the lower court appellee, J. I. Hailey, was plaintiff and appellants, Hermes Grain Company, a corporation, Maurice P. Hermes and Margaret Hermes, husband and wife, were defendants. The parties will sometimes hereafter be referred to as in the trial court. Plaintiff sought to sustain venue in Live Oak County under subdivision 23, Art. 1995, Vernon's Ann.Civ. St., against the corporate defendant and under subdivision 29a as against the two individual defendants.

Plaintiff sued the three defendants on an open sworn account for grain allegedly sold to them during the first three months of 1967, the balance claimed being $9,264.38. Defendants' pleas of privilege alleged that the domicile of the corporation and the residence of the individual defendants was in Lavaca County, Texas. Plaintiff's controverting plea was defective and the trial court allowed him to amend. After such action the defendants also amended their pleas of privilege, including therein a sworn denial of the justness of plaintiff's sworn account.

Appellants assert seven points of error. The first six points contend in substance that the evidence was legally and factually insufficient to establish that the grain was sold to the defendants jointly, or to Maurice P. Hermes individually or jointly with the corporation, or to Margaret Hermes jointly with the corporation. The seventh point asserts that the trial court erred in permitting appellee to amend the affidavit to his original controverting plea.

The only evidence offered by plaintiff concerning the sale of the grain in question was certain requests for admission made by plaintiff and the defendants' answers thereto, which were stated to the trial court by counsel for plaintiff (the requests for admissions and answers not appearing separately in the record), and the testimony of plaintiff. Mrs. Margaret Hermes was also called as a witness by plaintiff, but her testimony did not relate to the account sued upon.

The statements of counsel concerning the requests for admission and the answers thereto were as follows:

"MR. DONNELL: Request Number 1 and the answer thereto; that Hermes Grain Company is a Texas corporation having been incorporated under the laws of this state on March 19, 1965. And Question Number 2, that the name and address of the regular agent here is Margaret Hermes, P.O. Box 87, Yoakum, Texas. Number 3, sometime immediately prior to January 16, 1967, Margaret Hermes was an agent of Hermes Grain Company, and the Plaintiff, J. R. Hailey, telephoned the place of business in Live Oak County, Texas, concerning the purchase of grain belonging to plaintiff. With reference to such telephone conversation you are asked to admit the following that—a. That during the telephone conversation it was agreed by plaintiff and Margaret Hermes, as agent for Hermes Grain Company, that the Hermes Grain Company would purchase as buyers certain grain from plaintiff and by that defendant. That defendant, Hermes Grain Company, commenced receiving grain at plaintiff's place of business in Live Oak County, Texas on January, 1967, that defendant, Hermes Grain Company, professed to pay plaintiff, on demand, the reasonable value for shipment of grain which he was to receive after that shipment and that admitted that the amount paid for the grain is the amount shown on Plaintiff's Petition filed herein. 4. That subsequent

to the telephone conversation between Margaret Hermes, agent for Hermes Grain Company, and plaintiff set forth the above, and in furtherance of the agreement made between such parties, over such telephone conversation, the agent received grain in Live Oak County, Texas on the occasions and amounts shown below. Your Honor, there then is about twenty days that rather than reading, if the Court and counsel will allow me, dealt and admitted that grain, on the days and in the amounts was received in Live Oak County, is that all right, Mr. Schneider?

"MR. R. E. SCHNEIDER: Yes sir.

"MR. DONNELL: 5. That reasonable value of such shipment of grain which were delivered to grain company by plaintiff, is $21,181.73. That admitted that the Hermes Grain Company has in fact paid to plaintiff the sum of $11,917.-35 at payment for the shipments of grain which were delivered to defendant in Live Oak County, Texas between the dates of January 16, 1967 and January 25, 1967, inclusive. That said sum of $11,-917.35 was the reasonable value of said shipment for grain delivered during the period between January 16 and January 25, 1967. That is admitted. Number 7. That for the shipments of grain delivered after January 25, the reasonable value was $9,264.38. That is admitted. Number 8. That the defendant is to pay the sum of $9,276.37 for the shipments of grain which were delivered to Hermes Grain Company in Live Oak County, Texas, between the day of January 26 and March 6, 1967. That is admitted. And the additional sum of $300 paid by the defendant to the plaintiff, making the unpaid balance $8,964.38, which I believe Mr. Golemon and Mr. Hailey agree is proper. There is a $300 credit not given, but it is another matter inquired about in Number 8, or admitted in Number 9, dated May 15. This one asks if a signature is that of Margaret Hermes and whether it was in answer to the demand letter written by Mr. Hailey's attorneys. It was mailed, through the U.S. Mails, to Mr. Hailey's attorneys and did refer to the $9,264.38 owed on grain delivered at January 26. That is admitted, Your Honor, except that again there is a $300 difference in the figures and by the terms of that letter. It is very short.

"(Whereupon, at this time Mr. Donnell read the letter to the Court.)

"MR. DONNELL: Your Honor, the last request concerns another letter written by Mrs. Hermes, addressed to Mr. Hailey and requests whether or not the signature is hers, whether it was addressed to him and mailed in the mails, and referring to the same nine thousand figures that is admitted with the exception again, that $300 error, making the balance $8,964.38. That is $9,264.38 over request to admissions and answers thereto and offer them collectively into the record, Your Honor.

"MR. R. E. SCHNEIDER: No objection."

J. I. Hailey, the plaintiff, testified in substance that his dealings concerning the grain in question were all with Mrs. Hermes, beginning in January, 1967; that the first part of the grain was paid for and the last part was not; that the trucks that picked up the grain all had "Hermes Grain Company" on them. On direct examination Mr. Hailey testified in part as follows:

"Q  Mr. Hailey, who did you sell your grain to?

A  I sold it to Mrs. Hermes.

Q  Was there any other understanding that she was selling it to anybody else, or was there any other condition?

A  Well, I understand whatever—

Q—Were there any conditions attached to the sale other than the price condition?

A  That was all."

It is apparent that plaintiff proved a cause of action for venue purposes under subdivision 23, Art. 1995, V.A.C.S., against the corporation based upon plaintiff's requests for admissions and defendants' answers thereto. However, plaintiff failed to establish a cause of action for venue purposes under subdivision 29a of that statute against the two individual defendants. Plaintiff wholly failed to prove a joint sale to the corporation and either or both of the individual defendants. Plaintiff did not have any dealings with Maurice P. Hermes concerning the sale of grain. Plaintiff's only testimony relating to Mr. Hermes was that the latter drove a truck to load some of the grain.

The testimony of plaintiff that he sold the grain to Mrs. Margaret Hermes is not sufficient to support a finding that it was sold jointly to her and the corporation. Furthermore, a finding that the grain was sold only to Mrs. Hermes would not support venue in Live Oak County. The only manner in which plaintiff's testimony can be reconciled with the requests for admissions and answers thereto (which plaintiff offered in evidence) is that Mrs. Hermes was acting as agent for the corporation in connection with the sale of the grain.

Under the rules announced in Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 (1956), plaintiff failed to establish that the individual defendants (or either of them) were jointly liable with the corporation and that they were necessary parties to the suit filed in Live Oak County, Texas.

The case of Dina Pak Corporation v. May Aluminum, Inc., 417 S.W.2d 419 (Tex. Civ.App., Corpus Christi 1967, n.w.h.) involved similar contentions to those made here. The plaintiff there sought to maintain venue in the county where the suit was filed against the corporate defendant under subdivision 23, and against an individual defendant under subdivision 29a, Art. 1995, V.A.C.S., and the trial court agreed. This Court affirmed the judgment of the trial court which overruled the plea of privilege filed by the corporation, but reversed and rendered judgment that the plea of privilege of the individual defendant be sustained, holding that he was not shown to be a necessary party under subdivision 29a. Chief Justice Green, speaking for the Court, discussed the applicable rules under subdivision 29a, citing *Ladner* and other authorities. We believe that the holdings and reasoning in *Dina Pak* are also applicable here. See, also, McDonald, Texas Civil Practice, Vol. 1, Sec. 4.36, pages 544 and 550.

Appellants' seventh point of error complains of the trial court action in allowing plaintiff to amend his controverting plea and particularly the affidavit thereto which was defective because it did not state that the allegations of the petition or controverting plea were true. The amendment was allowed prior to the hearing of defendants' pleas of privilege after defendants had pointed out the defects. Error is not reflected by such action. See M. C. Winters, Inc. v. Lawless, 407 S.W.2d 275 (Tex.Civ.App., Dallas, 1966, wr. dismissed).

The judgment of the trial court overruling the plea of privilege of Hermes Grain Company, a corporation, will be affirmed. The judgment overruling the pleas of privilege of Maurice P. Hermes and Margaret Hermes will be reversed and judgment here rendered that the cause as to them will be transferred to the district court of Lavaca County, Texas.

Affirmed in part. Reversed and rendered in part.

NYE, Justice (dissenting).

I would affirm the judgment of the trial court and therefore respectfully dissent from that portion of the majority opinion which would reverse and render the trial court's judgment overruling the pleas of privilege of Maurice P. Hermes and Margaret Hermes.

This is a suit on a sworn account in which the plaintiff sued the Hermes Grain Company, a private corporation, and Maurice P. Hermes and Margaret Hermes, husband and wife, defendants jointly. Plaintiff alleged that he dealt with Margaret Hermes concerning the sale of grain to the defendants as buyers. Plaintiff further alleged that at the request of the defendants he sold and delivered to the defendants as buyers in Live Oak County in the regular course of business, shipments of grain for all of which the defendants promised to pay the balance due. Defendants' pleas of privilege alleged that the domicile of the corporation and the individual defendants was in Lavaca County, Texas. On the hearing of the pleas of privilege, only the plaintiff, J. I. Hailey, and Margaret Hermes, one of the defendants, testified, she being called under the adverse party rule.

Under the general venue statute 1995 the rule is that no inhabitant of this state shall be sued out of the county in which he has domicile except in the following cases: Subsection 23 of this article relative to corporations, permits a suit against a corporation in the county in which the cause of action or a part thereof arose. In order to invoke subsection 23 of this article, plaintiff must plead and prove that defendant is a corporation; that he has a cause of action against the corporation; and that such cause of action arose in venue of county. Appell Petroleum Corporation v. G. W. Townsend Lease Service, 375 S.W.2d 547 (Tex.Civ.App., Corpus Christi, 1964, n. w. h.). Proof was presented to the trial court in part, in the form of admissions, whereby the corporation admitted that it had done business with plaintiff in Live Oak County, Texas; that the sale of the grain in question was had in Live Oak County where it was delivered to the corporation; and that after proper credits and adjustments the corporation owed the plaintiff $8,964.38. Appellants, in effect, admit in their brief that proper proof was had relative to plain-tiff's cause of action under subsection 23 in the trial court.

The question to be considered at the pleas of privilege hearing thereafter, and now on appeal in this Court, was in regard to Margaret Hermes and her husband, Maurice P. Hermes, as to whether they are necessary parties to the claim against Hermes Grain Company, a corporation. Appellants' contention in this regard is that there was no evidence that Mr. and Mrs. Hermes were necessary parties. It is on this point that I respectfully dissent.

Both parties rely on the Supreme Court case of Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 and agree that "* * * Every person whose joinder is necessary to afford plaintiff the full relief to which he is entitled in the suit which can thus be maintained in that county is a necessary party within the meaning of Subdivision 29a" of Art. 1995.

Under subsection 29a where the plaintiff, if he recovers, will be entitled to a joint judgment against two defendants, the other party must be a necessary party within the meaning of subdivision 29a. In this connection the plaintiff who relies on subdivision 29a to maintain venue must not only allege the facts which make such a defendant a necessary party to the suit, but must also prove by independent evidence all of such facts except those which are taken as admitted under the pleadings. The appellants in effect admit that plaintiff has plead a joint cause of action against the corporation and the other defendants. The plaintiff plead, and the evidence is undisputed, that the plaintiff's dealings were conducted entirely with defendant, Mrs. Hermes. The appellants now in effect admit the liability of the corporation, but did not introduce any evidence at the venue hearing to refute the joint dealings between the plaintiff, the corporation and Mrs. Hermes.

The plaintiff-appellee was required to prove venue of the corporation-defendant in Live Oak County, and that the other

joint defendants were all necessary parties for the *full* relief to which he was entitled. In this connection it should be noted that there were no findings of fact or conclusions of law filed by the trial court in the record. It is therefore presumed that the trial court found all fact issues raised by the evidence in favor of the judgment. On appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of the judgment. James v. Drye, 159 Tex. 321, 320 S.W.2d 319 at 323 (1959). It is reasonable to infer from the testimony in the record, that the trial court found a joint sale to the corporation and appellants Margaret Hermes and Maurice P. Hermes.

A review of all the testimony clearly shows that there was evidence of probative force by which the trial court was authorized to hold all of the parties jointly liable on the account. For instance, the plaintiff testified that it was correct that this was a suit based upon a "collection of accounts". This could mean to the trial court, a joint collection of accounts of the corporation and each of the individual defendants. Other evidence from the testimony referred to the joint operation of the defendants for the purchase of grain. Throughout the record the plaintiff, and in some instances, the defendant Mrs. Hermes, referred to the joint liability of the account by the use of terms in referring to the account which would clearly indicate joint and several liability. For instance the witnesses used the words: "we", "them", "her", "she", "they", "Hermes", "Hermes Company", and "Hermes Grain Company". The plaintiff testified that during the negotiations for the initial shipment of grain, he quoted a price to her (Mrs. Hermes) and she quoted a price to him (the plaintiff), and finally Mrs. Hermes told him that she would call him back in a few days. Plaintiff then testified: "A couple of days later she called me and told me '*they*' would take the grain." This could logically refer to the liability of the corporation and her husband. Concerning the trucks that came to pick up the grain, plaintiff testified that the trucks belonged to "Hermes" and that the trucks had "Hermes Company" written on them. Later on in the testimony, Mrs. Hermes said that prior to the incorporation she and her husband operated under the name of just "Hermes". A logical inference would be that when she used the term "Hermes" after the company had been incorporated, it stood for her and her husband as individuals as opposed to Hermes Grain Company, the corporation. At another time she said, that before the incorporation, that they (referring to Mr. Hermes and herself) called their business "Hermes Grain", "Hermes" and "Hermes Company" and could, under these circumstances, have meant to the trial court or to the plaintiff, individual or corporate ownership. Again, the plaintiff testified that "she (referring to Mrs. Hermes) sent me a check every week" for the grain. When the plaintiff called her relative to non-payment one particular week, plaintiff testified that Mrs. Hermes said "Well, *we* are a little behind," and then she said the feeders "hadn't paid *her*". Plaintiff further testified that "she" (referring to Mrs. Hermes) picked up two or three more loads, and then several loads after that. Plaintiff testified that she (referring to Mrs. Hermes) did not send him a check so "I stopped *them* from hauling grain." (apparently referring to all the defendants). Plaintiff did testify that in answer to the question that who did he sell the grain to, he stated "Mrs. Hermes" but it is also apparent from the record that all of his dealings were with "Mrs. Hermes", one of the defendants. The evidence also shows that Mrs. Hermes was acting, not only for herself, but also for *them* an inference properly attributable to the corporation and her husband. The testimony further relates that Mrs. Hermes and her husband had been in the grain business occasionally and that she "started helping him (Mr. Hermes) with this." It is a perfectly logical inference from the allegations of the petition and the testimony as a whole, that the trial court had jurisdiction as

to defendant Maurice Hermes on the basis that he, along with the corporation, purchased the grain jointly, due to the fact that his wife Margaret Hermes, was actually "helping him" with the purchase of the grain. Although Mrs. Hermes testified at the plea of privilege hearing, she did not deny the account or try in any way to refute or clarify this evidence. The trier of facts in a plea of privilege case may properly consider such inferences as may be drawn from the facts proven.

Another logical inference supporting the judgment of the trial court that all the defendants are jointly liable can be gained from the undisputed fact that the plaintiff's dealings had all been with Mrs. Hermes. She obstensibly would be a necessary party as agent, undisclosed until trial for her husband, or as agent likewise undisclosed until the evidence was all in for the corporation which bore her last name, or for both. Especially since she did not reveal to the plaintiff, before trial, for whom she was acting. The testimony was that the corporation is not now doing business and that Mrs. Hermes and Mr. Hermes owned 98% of the stock. I believe the trial court would have been justified in concluding from the evidence that Mrs. Hermes was acting in the purchase of the grain for herself as an individual, and/or for her husband, and procured the ratification of the corporation. I would hold that the trial court faced with the parties themselves, and after hearing the testimony as a whole, and observing the demeanor of the witnesses, concluded that all three defendants were jointly liable on the sworn account as plead. 59 Tex.Jur.2d Secs. 104 et seq.,–106–112, pp. 513–538. The individual parties defendant were so intimately connected with the transactions with the corporation which forms the basis of the suit, that each of them were necessary parties and were properly joined together.

The judgment of the trial court should be affirmed.