**L. Lee BRASFIELD, Appellant,**

v.

**Sidney Lynn BRASFIELD, Appellee.**

**No. 15724.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 18, 1971.

Rehearing Denied May 6, 1971.

R. L. Dabney, Jr., W. St. John Garwood, Jr., Houston, Austin, Dabney & Northrop, Houston, of counsel, for appellant.

Eastham & Meyer, Sam Dawkins, Jr., Houston, for appellee.

PEDEN, Justice.

This is an appeal from an order of a District Court in Harris County overruling the plea of privilege of the defendant to be sued in Leon County. The appellee-plaintiff filed a controverting affidavit stating that she relies on Subdivisions 4, 5 and 7 of Article 1995, Vernon's Ann.Texas Civil Statutes. The Continental Bank & Trust Company, a resident of Harris County, is also a party defendant but has taken no position in this venue matter.

In her petition the appellee made the allegations which follow. She stated that she had earlier brought suit for divorce from the appellant and he had furnished to her a sworn inventory of his assets as of May 30, 1969, during the pendency of the divorce. He had voluntarily furnished to her another sworn inventory, this one as of July 31, 1969. In each of these inventories he recited among his liabilities a promissory note payable to the Continental Bank & Trust Co. in the principal sum of $250,000 secured by his 40,725 shares of stock of First National Industrial District, Inc. and by certain other stated assets.

On December 11, 1969, the appellee obtained a divorce from the appellant. They had entered into a written property settlement agreement which was made a part of

the divorce decree. Its pertinent parts were:

"NOW, THEREFORE, in order to effectuate a partition of the community estate of Sidney Lynn Brasfield and L. Lee Brasfield as reflected in the Inventories filed by each party respectively, and in reliance upon the representations made in said Inventories it is the desire of Sidney Lynn Brasfield and L. Lee Brasfield to enter into the following property settlement agreement:

"1. (A) (2). L Lee Brasfield will pay or cause to be paid to Sidney Lynn Brasfield, in cash, Sixty Percent (60%) of the net proceeds from the sale, disposition or redemption of his interest in First National Industrial District, Inc. as represented by his 40,725 shares of the common stock of said corporation, or the sum of $44,000.00, which ever is the greater of said two sums. The 'net proceeds from the sale' shall be computed by deducting the existing indebtedness to Continental Bank & Trust Company, Houston, Texas, which is secured by said shares of stock together with accrued interest upon said indebtedness from the date of final judgment herein entered to the date of sale plus the prorata share of all expenses directly incurred in connection with the sale and conveyance of the assets owned by said corporation. In order to secure Sidney Lynn Brasfield of payment of the above the necessary instruments and notification to the officers and directors of said corporation as well as the lending institution holding the lien upon said shares of stock will be made and L. Lee Brasfield will obtain said corporate officers acknowledgement."

The appellee further alleged in her petition in the instant case that unknown to her or her attorney the appellant had on November 18, 1969 increased by $30,000 his debt to the bank secured by the shares of stock in First National Industrial District, Inc.

When the divorce was granted on December 11, 1969 the appellant delivered to the appellee this letter of instructions signed by himself and agreed to by an officer of the Bank:

"Continental Bank
Fannin at Rusk
Houston, Texas

"Gentlemen:

"Pursuant to a decree of divorce of even date herewith entered by the Court of Domestic Relations # 5 of Harris County, Texas under Cause Number 800,231, Sidney Lynn Brasfield is entitled to receive 60% of the net proceeds from the sale, disposition or redemption of the 40,725 shares of First National Industrial District, Inc. standing in the name of L. Lee Brasfield or $44,000.00, whichever is greater. Said net proceeds shall be computed after deduction of the existing indebtedness secured by said shares of stock together with accrued interest upon said indebtedness from the date final judgment is entered in said cause to the date of sale; and after further deduction of any and all expenses directly incurred in connection with the sale and conveyance of the real estate owned by the corporation and liquidation of said corporation and disposition of said proceeds to the shareholders. The balance of said proceeds, if any, shall be the sole and exclusive property of L. Lee Brasfield.

"In order to secure to Mrs. Brasfield that she will receive a proportion of any dividend, liquidating dividend, funds paid for redemption, or any other funds arising by virtue of the ownership of said shares, you are hereby authorized and instructed, upon actual receipt of said funds, to apply same in accordance with the above and foregoing agreement, first to the payment of the indebtedness to your institution, and second by paying to her at # 5 Bay Villa, Baytown, Texas, or such other address as she may notify you in writing, and the balance, if any, to the undersigned.

"By execution of this letter, the undersigned does hereby agree to protect you from any kind or character of liability, cost or expense arising out of your receiving, applying and distributing said funds in accordance with the above and foregoing agreement.

"Please execute and return two copies of this letter in the space provided which will indicate your receipt of the original hereof and your agreement to receive, apply and distribute said funds in accordance with the above and foregoing instructions.

"Very truly yours,
/s/ L. Lee Brasfield

L. Lee Brasfield

"Received and agreed to this 11th day of December, 1969.

Continental Bank

By: /s/ Edwin E. Smith"

Mrs. Brasfield, the appellee, further stated that she did not discover that there was the additional $30,000 debt, or that it was secured by the shares of stock, until about March 17, 1970, when she inquired why the Bank had mailed her a check for only $34,510, a lesser amount than she would have been entitled to receive had the $30,000 loan not been secured by the shares of stock. The appellee pointed out in her petition that the appellant had advanced $5,500 to her and that he was entitled to credit for that amount, but under the terms of the letter agreement had it not been for the $30,000 loan she should have received $13,520 more than she did, and even though such loan be deducted the bank should have paid her $3,990 more because the specified minimum of $44,000 less $5,500 (advanced) amounts to $38,500.

Mrs. Brasfield further alleged that her former husband fraudulently concealed and misrepresented to her the amount of his debt to the Bank secured by the shares of stock. She asked that the property settlement agreement and that part of the divorce decree which approved it be set aside and the property of the parties be equitably divided or, in the alternative, that she have judgment against the appellant for $13,520 plus interest and attorney's fees or, in the further alternative, that she have judgment against her former husband and the Bank, jointly and severally, for $3,990 with interest.

The second point of error raised by the appellant was: That there was no evidence of any breach of any written contract performable in Harris County by the resident co-defendant, Continental Bank & Trust Co., or by the appellant, Brasfield. Therefore plaintiff failed to establish venue under Subdivisions 4 and 5 of Article 1995, Vernon's Texas Civil Statutes.

The venue hearing was held without the assistance of a jury. Neither findings of fact nor conclusions of law were filed and the record does not reflect that the trial judge was requested to make them. (Rule 385, Texas Rules of Civil Procedure, provides that in appeals from interlocutory orders the trial judge need not file findings of fact or conclusions of law.) The trial court's order does not state which subdivision of art. 1995 was found applicable.

Where there are no findings of fact, all fact issues will be resolved in favor of the trial court's ruling if there is any ground or probative evidence supporting it. In determining the sufficiency of the evidence as a matter of law ("no evidence" points), the reviewing court will disregard all adverse evidence and give credit to all evidence that is favorable to the successful party, indulging every reasonable conclusion that is favorable to him. 60 Tex.Jur.2d 163, Venue § 244. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

■ We have reviewed the statement of facts and find that the evidence supports the allegations of fact contained in the petition of the plaintiff-appellee, Mrs. Brasfield. Her attorney apparently learned before the divorce was granted that Mr. Bras-

field had borrowed the $30,000 but not that the loan was secured by the shares of stock.

Although the appellee need only establish her right to maintain venue under one exception to the general venue rule, we find no error in the trial court's presumed finding that the appellee has shown that both Subdivisions 4 and 5 of the Article 1995 are applicable to the facts in this case. We overrule the appellant's second point.

The pertinent provisions of exception 4 to the venue statute are:

"Defendants in different counties.—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *"

Under this exception the venue facts, as stated in 1 McDonald, Texas Civil Practice § 4.10.2 are: 1) one defendant resides in the county of suit, 2) the party asserting his privilege is at least a proper party to the claim against the resident defendant and 3) the plaintiff has a bona fide claim against the resident defendant. The first of these elements was established by evidence offered at the venue hearing that Continental Bank is a resident of Harris County. The second of these venue facts may be shown by reference to the allegations in the petition of the appellee-plaintiff. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300 (1936); Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956). In her petition the plaintiff alleged that the Bank failed to send her the full amount she was entitled to receive under the settlement agreement and under the letter of instructions, to her damage in the amount of $3,990, and her petition contains a prayer, in the alternative, for judgment against the appellant and the Bank jointly and severally for this amount. These claims against the two defendants allegedly grew out of the same transaction and the claim against the Bank is so intimately connected with that against Brasfield, under these alternative pleadings, that the two should be joined under the rules intended to avoid a multiplicity of suits. It is noted that one of the exhibits made a part of the plaintiff's petition was the letter of instructions, agreed to by the Bank, whereby Brasfield indemnified the Bank against any liability arising out of its distribution of the funds in question. The third element of the plaintiff's proof, a bona fide claim against the resident defendant, was shown by her evidence that Brasfield's letter instructed the Bank to pay her $3,990 more than it did, because it deducted that amount from the $44,000 minimum which she was to receive.

The fifth exception to the venue statute states:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Under this subdivision or exception the venue facts are 1) that the defendant is a party reached by the statute, 2) that the claim was based on a written contract, 3) that the contract was entered into by the defendant or by one authorized to bind him, or was assumed or ratified by him and 4) that the contract by its terms provided for performance of the obligation sued upon in the county of suit. 1 McDonald, Texas Civil Practice § 4.11.1. The plaintiff introduced evidence from which the trial judge was entitled to find in her favor as to each of these venue facts.

Appellant's third point of error was that as a matter of law the appellee was not entitled to rely at the time of the property settlement agreement on liabilities stated in an inventory filed over four months earlier in the absence of express reaffirmance of such inventory. We consider that what amounted to a reaffirmance of the inventory was contained in the preface to the property settlement agreement, which

preface we quoted from the appellee's petition near the beginning of this opinion.

Having held that venue may be retained in Harris County under either Subdivision 4 or 5, we need not discuss the appellant's other point, which asserted that there was no evidence of any untrue statement or misrepresentation so the appellee failed to prove a fraud under Subdivision 7 of the venue statute.

Mr. Brasfield's attorneys on this appeal are not the ones who represented him in the divorce proceedings.

The order of the trial court is affirmed.