Tom WHITIS and Joyce Whitis,
Individually and d/b/a Whitis
Holstein Farms, Appellants,

v.

John Edward DENTON, Appellee.

No. 5813.

Court of Civil Appeals of Texas,
Waco.

Dec. 1, 1977.

Richard D. Coan, Coan & Terrill, P. C.,
Stephenville, for appellants.

Daniel M. Francis and Betty Denton,
Jones & Francis, Inc., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by Tom Whitis and wife from order of the trial court overruling their plea of privilege to be sued in Erath County, and involves Subdivisions 3, 29a and 31 Article 1995 VATS.

Plaintiff Denton, a resident of McLennan County sued defendants Tom Whitis and Joyce Whitis, residents of Erath County, and defendant Henry P. Bartel, a resident of Ellsworth, Wisconsin, in McLennan County, alleging Bartel, as agent for the Whitises, issued and mailed to plaintiff a brochure which induced plaintiff to attend a cattle sale at the Whitis farm; that pursuant to representations and warranties of defendants plaintiffs purchased two holstein cows, paying $2075. for same; that defendants and each of them jointly and severally represented to plaintiff the cows to be "straight and right in every respect unless otherwise stated," and that no state-

ments were made otherwise; that immediately upon purchase plaintiff discovered one cow had a mashed teat, and refused to take possession, demanding return of his money; that plaintiff took possession and moved the second cow to his farm and in two or three days discovered the cow's udder contained a hidden and latent defect which was not reasonably available to plaintiff by ordinary inspection, and of which defect defendants knew or should have known; that the two cows were totally unfit for the purposes sold; and totally unfit under the warranty made by defendants and each of them; that plaintiff offered to return the cattle and demanded return of his purchase price to no avail. Plaintiff further plead breach of warranty of merchantability; that the cows were not fit for the purpose of milk cows; that defendants dishonor of warranty representation constitutes false, misleading or deceptive acts by defendants and each of them jointly and severally within the meaning of Sec. 17.46 Texas Business and Commerce Code; to plaintiff's damage.

Defendants Tom and Joyce Whitis filed plea of privilege to be sued in Erath County. Plaintiff controverted asserting venue maintainable in McLennan County under the Subdivisions 3, 29a and 31 of Article 1995 VATS.

The trial court after hearing overruled the Whitises' plea of privilege.

The Whitises appeal on 3 points contending the trial court erred in denying their plea of privilege under Subdivisions 3, 29a and 31.

Subdivision 3 provides: "If one or all of several defendants reside without the State * * * suit may be brought in the County in which plaintiff resides".

Subdivision 29a provides: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto".

■■■ The facts necessary to maintain venue in McLennan County against Bartel under Subdivision 3 were established when it was proved that plaintiff is a resident of McLennan County, and that defendant Bartel resides outside of Texas. The existence of a cause of action is not an essential venue fact under that subdivision. *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758, 764.

*Ladner* further holds: "When an action is maintainable in a particular county under some subdivision other than 29a, the plaintiff, if successful, will be entitled to certain relief in the suit which thus can be brought in such county. Every person whose joinder is necessary to afford the plaintiff the full relief to which he is entitled in the suit which can thus be maintained in that county is a necessary party within the meaning of Subdivision 29a. * * *

"Where the plaintiff, if he recovers, will be entitled to a joint judgment against two defendants and the suit is maintainable where brought as to one of the defendants under another subdivision of Article 1995, the other defendant is a necessary party within the meaning of Subdivision 29a". *Ladner v. Reliance Corp.*, supra p. 764.

■■ There is evidence Bartel prepared a brochure (which is in evidence) warranting the cows purchased by plaintiff as "straight and right in every respect unless otherwise stated"; that such means the cow is sound in every respect; that the two cows were in fact defective and not fit for use as milk cows; that one had a mashed teat and the other a defective udder; that the cows were owned by the Whitises; that Bartel was their sales manager and agent; that Bartel received the $2075. from plaintiff; and reimbursed the Whitises later for their portion of the sale price; retaining a portion for himself for getting up the sale, preparing the brochure and conducting the sale.

Plaintiff expressly plead for rescission against defendants and tendered the cows to them. The proof supports this relief. The Whitises were necessary parties to plaintiff's action against Bartel if plaintiff is to be accorded this relief.

The Whitises' points are overruled.
AFFIRMED.