**STAR HOUSTON, INC., Appellant,**

v.

**Gordon L. BLOOMFIELD et al., Appellees.**

**No. 17517.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 15, 1979.

Hagerman, Seureau & Nuffer, Inc., John D. Hagerman, Margaret L. Brittain, Houston, for appellant.

Ragan, Russell & Rorschach, John L. Russell, Richard Rorschach, Houston, for appellees.

Before PEDEN, EVANS and WARREN, JJ.

PEDEN, Justice.

Star Houston, Inc., plaintiff below, appeals from an order sustaining Gordon L. Bloomfield's plea of privilege and transferring the cause of action against Bloomfield to Hidalgo County, where he resides. Star relies on Subdivisions 4, 5(a), 7, and 9 of Article 1995, Vernon's Tex.Civ.Stat., to hold venue in Harris County and challenges the verification of the affidavit attached to Bloomfield's plea of privilege. We find that the appellant met the requirements of Subdivision 4, so we reverse and render.

Star is an automobile dealership operating in Houston, Harris County. Bloomfield and William O. Wells twice went together to Star's showroom to look for a car for Bloomfield; after the second visit Bloomfield returned to his home in McAllen, Hidalgo County. A few days later, Wells returned to Star, where he purchased one of the automobiles the two men had looked at earlier. Wells signed Bloomfield's name to the sales agreement and title application, but in payment for the car he executed a draft for $10,750 in his own name on the Industrial State Bank of Houston. Before delivering the car to Wells, Star's sales representative telephoned Bloomfield in McAllen and verified that Wells was authorized to pick up the car. Wells delivered the car to Bloomfield in McAllen for $6,250 in cash, telling him that was the full price.

Star subsequently presented the draft to Industrial State Bank, but it was dishonored. At the request of Wells, the draft was presented a second time and was again dishonored. Wells then offered by telephone to give Star money or a cashier's check to cover the purchase price, but Star refused to accept either, demanding instead the return of the car. At the time of the hearing on Bloomfield's plea of privilege, Star had regained possession of the automobile, but Bloomfield apparently still had title in his name.

Star filed suit in Harris County against Bloomfield, Wells, Industrial State Bank, and the Texas Highway Department. After sustaining Bloomfield's plea of privilege to be sued in Hidalgo County, the trial judge made findings of fact and conclusions of law.

In its first point of error, Star attacks the trial court's conclusion that the case does not come within the exception of Subdivision 4 of Article 1995, which provides that if two or more defendants reside in different counties venue is proper in any county where one of the defendants resides. Star contends that it has proven all the necessary venue facts in order to come within the exception and that the trial court's findings to the contrary are against the great weight of the evidence or, alternatively, were based on no evidence at all.

■ The three venue facts which Star must establish in order to invoke Subdivision 4 are:

(1) proof that one defendant resides in the county of suit;

(2) proof by a preponderance of the evidence that the plaintiff has a cause of action against the resident defendant; and

(3) an allegation of a joint cause of action against the resident and non-resident defendants or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. This third element is often stated: "the party asserting his privilege is at least a proper party to the claim against the resident defendant."

*Stockyards National Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (1936); *Ladner v. Reliance Corporation,* 156 Tex. 158, 293 S.W.2d 758 (1956); 1 McDonald, Texas Civil Practice 434, Venue § 4.10.2.

It is undisputed that Wells is a resident of Harris County, and the trial court found that Star has "a cause of action" against him. However, the trial judge found that that cause of action was not a joint one against Bloomfield, and he found that such cause and the one against Bloomfield were not so intimately connected as to satisfy the requirements of Subdivision 4 and hold venue in Harris County.

As the appellee has pointed out, each element of the cause of action against Wells must be pleaded and proven. Although the court did not indicate the nature of the cause of action proven against Wells, Star apparently assumes that the trial judge was referring to the cause of action for fraud alleged by Star against Bloomfield and Wells in its second amended original petition, the pleading which was current at the venue hearing. Star's complaints are directed to the finding that the two claims were not properly joinable.

The Supreme Court of Texas stated in *Stone v. Lawyers Title Insurance Corporation,* 554 S.W.2d 183, 185 (1977), the essential elements of actionable fraud:

(1) that a material misrepresentation was made;

(2) that is was false;

(3) that when the speaker made it he knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion;

(4) that he made it with the intention that it should be acted upon by the party;

(5) that the party acted in reliance upon it;

(6) that he thereby suffered injury.

As was noted above, Star must prove by a preponderance of the evidence each of these elements in order to satisfy the requirements of Subdivision 4.

The basis of Star's claim of fraud is that Wells and Bloomfield induced it to part with the automobile by falsely representing that they would pay for it. Star does not allege that anyone ever stated in so many words that the draft was good when executed, but it is clear that the effect of the words and actions of Wells implied that the draft would be honored and that Star would receive payment in return for surrendering the car.

■ The record reflects—and Bloomfield does not here dispute—that Wells made an implied representation that Star would be paid, a representation which was undoubtedly material under the circumstances; that the representation was false because Star was not paid; that Star acted in reliance on that representation in surrendering the car to Wells; and that Star suffered injury thereby, namely loss of its property. Moreover, one may assume for these purposes, without deciding, that when Wells offered Star the draft he intended by so doing to induce Star to part with the car. The remaining element is: Star must show that Wells knew when he offered the draft that it would not be honored and that Star would not be paid.

Wells admits that when he executed the draft he knew that he did not have sufficient funds on deposit to cover it. He has also testified three times that he believed he had the funds available to him through other sources and once that he in fact had them. Wells's assertions that he initially believed he would be able to cover the draft, while uncontradicted, are those of a party, and they are not so clear, positive and direct that they must be accepted.

Wells has offered no explanation of his operation: he gave Star a $10,750 draft for the car, then delivered it to Bloomfield for $6,250, telling Bloomfield that was the full price. There was evidence indicating that Wells was simply engaging in a fraudulent scheme by which he obtained $6,250. He spent the $6,250 and has not reimbursed Bloomfield or covered any part of the draft. The trial judge was entitled to conclude, despite the denials of Wells, that when he gave the draft to Star he knew it would never be honored.

Even if the evidence did not support the trial court's finding that the plaintiff has a cause of action against Wells, the matter has not been preserved for appellate review by a point of error. We find that Star did not prove any other cause of action against Wells that Star had alleged in its current pleading.

We next consider the appellant's point that the trial court erred in finding that the cause of action against Wells is not a joint cause of action against Wells and Bloomfield and that the cause against Wells is not so intimately connected with the cause of action against Bloomfield that they are properly joinable to prevent a multiplicity of suits.

The plaintiff's second amended petition, its current pleading at the venue hearing, alleged that Wells and Bloomfield negotiated the purchase of the car together, that they acted and represented themselves as principal (Bloomfield) and agent (Wells) or, alternatively, as partners in the purchase, and that both of them caused the draft to be executed. Further, that Bloomfield ratified, the execution of the sales agreement, the tender of the draft and all forms necessary to transfer title to the car, by accepting the car and attempting to exercise ownership and control over it. The plaintiff further alleged:

. . . the actions of Bloomfield and Wells indicate fraud and malicious conduct on their part in an effort to wrongfully secure this vehicle without paying for the vehicle and that constitutes conversion and fraud on Star . . .

Mr. Bloomfield points out that the trial court's finding of fact (No.8) states only that the plaintiff has a cause of action against Wells and does not specify which one it is. It is Bloomfield's position that the cause of action found by the trial judge may well be the one set out in Star's allegations that Wells gave it an uncollectible draft. In that event, he says, the trial court would be correct in its finding (No.9) that the cause of action against Wells is not a joint cause against Bloomfield and that the causes against Wells and Bloomfield are not properly joinable to prevent a multiplicity of suits. We do not agree with this argument; Star's allegations about an uncollectible draft were made only in its original petition, a pleading that had been superseded when the venue hearing was held. To establish a cause of action against a resident defendant under Subdivision 4, the plaintiff must *plead* and prove that cause of action (emphasis added). *Stockyards National Bank v. Maples*, supra. The trial court's finding of a cause of action against Wells could only have encompassed one that was pleaded.

We sustain this point of error. We find no merit in any of the appellant's other points.

We reverse the order of the trial court and render judgment that venue be maintained in Harris County.