BARCLAYSAMERICAN/LEASING, INC., Appellant,

v.

VISTA CHEVROLET, INC., Appellee.

No. 2518cv.

Court of Appeals of Texas, Corpus Christi.

June 17, 1982.

**770**

William J. Joseph, Jr., Kirklin, Boudreaux & Joseph, Houston, for appellant.

Rick Rogers, Porter, Gonzalez & Rogers, Corpus Christi, for appellee.

Before NYE, C. J., and YOUNG and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from an order overruling a plea of privilege. Appellee, Vista Chevrolet, Inc., agreed to purchase a computer from Display Data, Inc. Shortly thereafter, appellant, BarclaysAmericanLeasing, Inc., purchased the same computer from Display Data and leased it to Vista. Vista claimed that the computer did not perform as represented so it brought suit in Nueces County, the county of its residence, against Barclays to rescind the lease and for usury, and against Display under the Deceptive Trade Practices Act. Barclays filed a plea of privilege to be sued in Harris County, the county of its residence, claiming that it was not a necessary party to the suit between Vista and Display. From the trial court's order overruling the plea of privilege, Barclays appeals. The primary issue before us is whether Barclays is a necessary party to the suit between Vista and Display.

■ Every person whose joinder is necessary to afford plaintiff full relief to which he is entitled in the suit is a "necessary party" within the meaning of subdivision 29a of Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1960). *Ladner v. Reliance Corp.,* 156 Tex. 158, 293 S.W.2d 758 (Tex.1956). Under this standard, we reverse.

Display contacted Vista in regard to providing Vista with the computer facilities required to operate a new car dealership. Vista agreed to obtain the Insight Computer System sold by Display and entered into an agreement with Display.

To enable Vista to obtain the use of this computer without a large capital outlay, Barclays agreed to purchase the computer from Display and lease it to Vista for a monthly rental fee. Pursuant to this agreement, Barclays and Vista entered into an equipment lease contract. The lease expressly denied any responsibility for maintenance or warranties on the computer and provided only for leasing services of the computer to Vista.

Vista became dissatisfied with the computer and brought an action in Nueces County against Display under the Deceptive Trade Practices Act, and against Barclays for usury. Display, domiciled in Travis County, waived its right to be sued in the county of its domicile. Barclays, a North Carolina corporation with Texas residence in Harris County, filed a plea of privilege to be sued in Harris County. Vista controverted, alleging exceptions 29a and 23 to Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1960), with regard to appellant and to Display. The trial court, on hearing, overruled Barclays' plea of privilege, and Barclays brings this appeal.

Barclays, in four points of error, alleges that the trial court committed error in overruling its plea of privilege because there is no evidence that appellant is a necessary party; rescission of appellant's contract is not an available remedy under the Texas

Business & Commerce Code; there is no evidence that appellee is entitled to the common law rescission of the lease agreement, and that allegations of usury are insufficient to make appellant a necessary party.

Because findings of fact were neither requested nor filed, we must presume that the trial court resolved every issue of fact raised by the evidence in the plaintiff's favor. We view the evidence in the light most favorable to such findings, disregarding all that is contrary thereto. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex.1968).

Subdivision 29a of Tex.Rev.Civ.Stat.Ann. art. 1995 (vernon 1960) provides:

"29a. Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

Exception 29a is one which is always considered in conjunction with some other subdivision of the statute. A plaintiff who relies upon this exception must therefore allege and prove the venue facts which show that the suit is maintainable where brought against at least one defendant under another subdivision of the statute, and that the remaining defendant, whom he seeks to hold under subdivision 29a, is a necessary party to the suit within the meaning of the subdivision. Therefore, to sustain venue in Nueces County as to Barclays, Vista had to prove that no effectual decree could be rendered between Vista and Display in the Nueces County suit without joining Barclays.

The relief which Vista seeks against Display is obtainable by them without the joinder of Barclays as a defendant. The fact that Vista alleges that the computer was sold to them by Display and financed by Barclays would not make Barclays a necessary party to the suit in Nueces County.

We hold that Barclays was not a necessary party to Vista's suit in Nueces County as contemplated by subdivision 29a, and, therefore, Barclays was and is entitled to their legal right of having this suit as against them transferred to Harris County. Appellant's first point of error is sustained. Since this disposes of the appeal, it is not necessary to rule on the other points.

The judgment of the trial court is reversed and judgment is here rendered sustaining Barclays' plea of privilege.