Alvin SANTLEBEN, Appellant,

v.

TAYLOR–EVANS SEED COMPANY, Appellee.

No. 16076.

Court of Civil Appeals of Texas, San Antonio.

June 13, 1979.

James L. Branton, J. Tullos Wells, Branton & Mendelsohn, San Antonio, for appellant.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellee.

## OPINION

MURRAY, Justice.

This is a venue case. Plaintiff, Santleben, sued defendant, Taylor-Evans Seed Company, in Medina County, Texas, for damages resulting from plaintiff's purchase and use of allegedly defective seed manufactured by defendant. Defendant filed a plea of privilege to be sued in the county of its residence, Swisher County, Texas. Plaintiff timely filed his controverting plea contending venue was proper in Medina County under subdivisions 7, 23, and 31 of Article 1995, Texas Revised Civil Statutes. After a hearing before the court, the trial court sustained defendant's plea of privilege and transferred the cause to Swisher County. Santleben has perfected his appeal to this court.

Santleben, appellant, is a farmer in Medina County. On March 3, 1975, appellant purchased seed corn manufactured by appellee from Mumme's, Inc., which is in Medina County. Appellant planted the seed corn on fifty acres, and only one-fourth of it sprouted. On August 13, 1975, appellant harvested and sold thirty-nine bushels of corn per acre from these fifty acres. Appellant testified that based on his fifty years of experience in farming, he anticipated that according to the weather and rainfall they had that year, he should have harvested seventy-five or more bushels per acre from the fifty acres. Appellant also testified that he did everything he should have done in attempting to raise the corn and produce it as a good crop.

Santleben's brother planted corn in an adjacent field. It was planted at approximately the same time, but the brother did not use Taylor-Evans seed brand. With the same weather conditions for both fields, the brother harvested approximately ninety bushels per acre. Based on appellant's experience in raising corn, appellant gave his opinion that the seed did not grow because it was weak and that he did not know of any other reason why the crop did not grow other than it being a bad batch of seed. Santleben admitted that he has never worked in the seed industry, or in a seed laboratory.

Appellee, Taylor-Evans Seed Company, is a private corporation whose residence is in Swisher County, Texas. On appeal, appellant contends that this suit is maintainable in Medina County under subdivision 23 of Article 1995, Texas Revised Civil Statutes. Subdivision 23 provides in part:

Suits against a private corporation, association, or joint stock company may be brought . . . in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or

part thereof arose, provided such corporation, association or company has an agency or representative in such county . . .

Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 23 (Vernon 1964). Under this part of the subdivision, plaintiff must prove by a preponderance of the evidence all the elements of a cause of action against the corporate defendant whose plea of privilege is being contested. *Pesek v. Murrel's Welding Works, Inc.,* 558 S.W.2d 39 (Tex.Civ.App.— San Antonio 1977, writ dism'd); *Ralston Purina Company v. Wiseman,* 467 S.W.2d 669 (Tex.Civ.App.—El Paso 1971, no writ); 1 R. McDonald, Texas Civil Practice §§ 4.30.2, 4.30.3 (rev. 1965). Here, appellant was not required to prove that appellee is a corporation because this venue fact was undisputed and not specifically denied by verified denial. Tex.R.Civ.P. 86, 93(a).

Appellant contends that his cause of action against appellee arose in Medina County and characterizes it as an injury resulting from the purchase and use of defective seed. As a result, appellant was required to establish that the seed in question was defective at the time it left appellee's control. There being no findings of fact or conclusions of law in the record, it is presumed on appeal that the trial court resolved all fact issues raised by the evidence in support of the judgment. *W. G. Tufts and Son v. Herider Farms, Inc.,* 461 S.W.2d 257 (Tex.Civ.App.—Tyler 1970, no writ). Thus, the judgment implies that the trial court failed to find from a preponderance of the evidence that the seed purchased by Santleben was defective. In order to prevail on appeal, appellant must show that the evidence establishes his right to maintain venue in Medina County as a matter of law. *LaSorsa v. Burr,* 516 S.W.2d 265 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ).

Appellant argues that there is circumstantial evidence of a defect. Circumstantial evidence can be sufficient to support a trial court's judgment sustaining venue, *See O. M. Franklin Serum Co. v. C. A. Hoover & Son,* 410 S.W.2d 272 (Tex.Civ. App.—Amarillo), *writ ref'd n. r. e. per curiam,* 418 S.W.2d 482 (Tex.1966), but to overturn a judgment, the circumstantial evidence must conclusively show as a matter of law that the seed was defective. An ultimate fact is conclusively shown by circumstantial evidence only if the circumstances are so clear that reasonable minds would not differ on the inference to be drawn. *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972 (1951); *Neale v. Kirkland,* 486 S.W.2d 165 (Tex.Civ.App.—Dallas 1972, no writ).

In this case, the circumstantial evidence shows that the yield from the crop was not what Santleben expected it to be, that Santleben's brother on an adjacent farm harvested a much higher yield using a different brand of seed, and that in Santleben's opinion the seed was defective. There is no evidence in the record of how and for what period of time the seed was stored before planting, of the soil conditions on the fifty acres, of appellant's cultivation techniques, or of how and with what the crop was treated. It is just as reasonable to infer that the below-average crop yield resulted from a myriad of other possibilities as it is to infer that the seed was defective. The poor crop could have been caused by poor soil, disease, insects, inadequate cultivation, or improper spraying and fertilization. Santleben's general testimony that he did everything necessary to produce a good yield does not negate as a matter of law other possibilities that are reasonably inferable from the circumstances in evidence. The evidence here is not so clear, positive, and conclusive that it establishes that the seed was defective at the time it left appellee's control as a matter of law. Therefore, appellant did not prove as a matter of law all the elements of his cause of action.

The judgment of the trial court is affirmed.