Jose Luis CASTILLA, Appellant,

v.

TRINITY INDUSTRIES, INC. and
Custom Tool and Machine
Company, Appellees.

No. 16653.

Court of Appeals of Texas,
San Antonio.

Oct. 28, 1981.

On Motion for Rehearing Denied
Dec. 30, 1981.

Joyce Hill, Branton & Mendelsohn, San
Antonio, for appellant.

Steven D. Browne, Clemens, Spencer, Welmaker & Finck, Robert A. Allen, Groce, Locke & Hebdon, John D. Carlos, San Antonio, for appellees.

## OPINION

Before ESQUIVEL, BUTTS and BASKIN, JJ.

BUTTS, Justice.

This is a venue action. Plaintiff Castilla sued defendants, Custom Tool and Machine Company and Trinity Industries, Inc., "Custom" and "Trinity" hereafter, in Bexar County, Texas, for damages, alleging personal injuries received while performing maintenance work on a rotary kiln at Barrett Industries in San Antonio.

Custom filed a plea of privilege to be sued in Gregg County, while Trinity's plea urged transfer to Dallas County. Plaintiff filed his controverting pleas alleging proper venue to be in Bexar County under Tex. Rev.Civ.Stat.Ann. article 1995, subdivisions 9a and 23 as to Custom and subdivisions 4, 9a and 23 as to Trinity. Plaintiff did not plead subdivision 29a (Vernon 1964). The trial court overruled Custom's plea of privilege and sustained that of Trinity and transferred the case against Trinity to Dallas County. Plaintiff timely appealed. We affirm the trial court's order sustaining Trinity's plea of privilege.

The agreement between the two defendant corporations was admitted into evidence at the venue hearing showing Trinity had purchased the assets of Custom in 1968. Plaintiff introduced no evidence of an agreement by Trinity to assume any outstanding tort liabilities upon transfer of ownership. The rotary kiln in question, alleged to be defective by plaintiff, was designed and sold by Custom to Barrett Industries. Trinity purchased Custom after the sale and installation by Custom but before plaintiff's injuries which required that his hand and part of his arm be amputated.

On appeal Plaintiff argues that location of the manufacturing company is immaterial once the defective product is located in the county where the injury occurs. Although Trinity did not initially manufacture the product, plaintiff maintains that Trinity assumed all of the predecessor corporation's liabilities, including tort liabilities. Plaintiff urges that Trinity stands in the shoes of Custom and is the successor corporation; thus venue for their case lies in Bexar County.

Plaintiff abandons subdivisions 4 and 9a of the venue statute, *supra*, on appeal and relies solely upon subdivision 23 which provides, in part:

"Suits against a private corporation, association, or joint stock company may be brought ... in the county in which the cause of action or part thereof arose ...."

■ In order for venue to be sustainable in a county other than the domicile of the nonresident defendant corporation, under subdivision 23 it is necessary to prove a cause of action against the nonresident corporate defendant. The cause of action must be pleaded and proved by competent evidence presented at the venue hearing. *Pesek v. Murrel's Welding Works, Inc.*, 558 S.W.2d 39, 44 (Tex.Civ.App.—San Antonio 1977, writ dism'd w. o. j.); *Santleben v. Taylor-Evans Seed Co.*, 585 S.W.2d 784, 786 (Tex.Civ.App.—San Antonio 1979, no writ). The cause of action must be proved by a preponderance of the evidence, and it must be the same cause of action alleged and relied on in the petition and controverting affidavit. *Pesek, supra.*

■ In cases of strict tort liability based upon defective design, as alleged here, the cause of action against the corporate manufacturer, being properly proven, arises in an action where a defectively designed product exists, causes the accident, and is a producing part of the physical harm sustained. *Lubbock Manufacturing Co. v. Sames*, 575 S.W.2d 588, 592 (Tex.Civ.App.—Beaumont 1978, aff'd), 598 S.W.2d 234, 236 (Tex.1980). The plaintiff here had the burden to plead and prove these venue facts: (1) The defendant was a private corporation. (2) Plaintiff had a cause of action against such

defendant. (3) The cause of action or part thereof arose in Bexar County. *See Pesek, supra.* There being no findings of fact or conclusions of law in the record, it is presumed on appeal that the trial court resolved all fact issues raised by the evidence in favor of the judgment. *Santleben, supra.*

■ Examination of the venue hearing record discloses no evidence to show that Trinity assumed product liability obligation for any product manufactured by Custom. To the contrary, there was evidence that the purchase and sales agreement, accompanied by annexed contractual provisions, called Annex V, expressly addressed this point. It did provide for assumption of certain liabilities but then stated, "... provided that Trinity shall not assume any liabilities, contingent or otherwise, existing on September 30, 1968 that are not set forth in said Annex V." Plaintiff offered no evidence to refute this.

In addition, plaintiff's argument that Trinity became the successor corporation to Custom after the purchase fails for lack of proof. In another case this burden was sustained by proving a de facto merger. *See Western Resources Life Ins. Co. v. Gerhardt,* 553 S.W.2d 783, 787 (Tex.Civ.App.— Austin 1977, writ ref'd n. r. e.).[1] Plaintiff failed to show that Trinity is the successor corporation to Custom. We overrule plaintiff's points of error one, two, and three.

Point of error four attacks the trial court's order sustaining the plea of privilege and contends that the establishment of venue in Bexar County as to Custom required the joinder of Trinity as a necessary party under subdivision 29a combined with subdivision 23. Subdivision 29a provides:

Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

■ It is well established that a plaintiff who relies on subdivision 29a must allege facts which show that the defendant is a necessary party within the meaning of the statute as well as present proof of this at the venue hearing. *Ladner v. Reliance Corp.,* 156 Tex. 158, 293 S.W.2d 758, 763–764 (1956), Tex.R.Civ.P., R. 86. Proof must show that the defendant is a necessary party and joinder is required because the plaintiff cannot otherwise obtain the complete relief to which it is entitled. *Loop Cold Storage Co. v. South Texas Packers, Inc.,* 491 S.W.2d 106, 108 (Tex.1973).

■ Subdivision 29a, ancillary to subdivision 23, may have been invoked to fix venue in Bexar County had the pleadings and proof established that plaintiff was entitled to a joint judgment against the two defendant corporations in order to obtain complete relief. *Ladner, supra* emphasized that proof of venue facts is the price which which the plaintiff pays for the benefit he expects to derive from any exception to the rule that the defendant is entitled to be sued in his county of residence. Further plaintiff pleaded that Trinity was a "proper" party and failed to allege that subdivision 29a applied. We hold that the plaintiff has failed to establish the elements of subdivision 29a either in its pleadings or in its proof and overrule point of error four.

The order sustaining the plea of privilege is interlocutory and not appealable as to the merits of the case. Therefore, we need not speculate as to the merits, rather we leave those matters to the proper court. The judgment is affirmed.

ESQUIVEL, J., concurs in result.

BASKIN, Justice, concurring.

I concur in the result.

Plaintiff was injured on February 19, 1977, while cleaning a rotary kiln at Barrett Industries in Bexar County. The kiln had

---

1. Tex.Bus.Corp.Act Ann. art. 510B (Vernon 1980), enacted after the facts in this case, provides that purchase of assets by one corporation does not cause assumption of all liabilities and obligations belonging to the selling corporation. The buyer must expressly assume them, unless required to do so by statute.

been manufactured by Custom between August, 1966, and April, 1967, and sold by Custom in April, 1967. In November, 1968, Custom sold virtually all of its assets to Trinity. In the purchase and sale agreement between Trinity and Custom, Trinity agreed to assume certain specified liabilities of Custom but did not agree to assume any tort liabilities.

Plaintiff has sued both Custom and Trinity for damages, claiming faulty design of the rotary kiln. Plaintiff maintains that Trinity is successor corporation to Custom by virtue of its purchase of Custom's assets. Both Trinity and Custom filed Pleas of Privilege. Custom's plea was denied and plaintiff's case against it will be tried in Bexar County. Trinity's plea was sustained and the cause will be transferred to Dallas County. Appellant conceded at oral argument that it was urging only exception 23 to Trinity's right to be sued in its home county under the venue statute, Tex.Rev. Civ.Stat.Ann. art. 1995 (Vernon 1964). To defeat Trinity's plea of privilege, plaintiff had the burden to plead and to prove its cause of action against Trinity, all or part of which had to arise in Bexar County. *Pesek v. Murrel's Welding Works, Inc.*, 558 S.W.2d 39, 44 (Tex.Civ.App.—San Antonio 1977, writ dism'd w. o. j.); *Santleben v. Taylor-Evans Seed Co.*, 585 S.W.2d 784, 786 (Tex.Civ.App.—San Antonio 1979, no writ).

The trial court having denied Custom's plea of privilege and there being no appeal of that action before us, we must, and do, assume that appellant pleaded and proved a prima facie cause of action against Custom. Appellant failed to plead and prove a prima facie cause of action against Trinity insofar as any act or omission of Trinity is concerned.

The only way in which appellant could defeat Trinity's plea of privilege was to show that Trinity stood in the shoes of Custom, either by contract or operation of law. We must assume that the trial court found as a fact that Trinity did not contractually agree to assume all product liability caused by instrumentalities placed in commerce by Custom prior to the sale of its

assets to Trinity, and we agree with that finding.

We also agree with the implied findings by the trial court that the plaintiff had not sustained his burden of proving a de facto merger. The only case discussing de facto merger in Texas is *Western Resources Life Ins. Co. v. Gerhardt*, 553 S.W.2d 783 (Tex. Civ.App.—Austin 1977, writ ref'd n. r. e.). [I question the adoption of the de facto merger doctrine as enunciated in *Gerhardt*, but it is not necessary to reach a determination as to whether to follow that pronouncement.] In *Gerhardt*, the Court of Civil Appeals looked at a large number of facts and concluded from such survey that there had occurred a de facto merger between the corporation selling its assets and the purchasing corporation, agreeing with the trial court's determination. A number of facts existed in the *Gerhardt* case which are absent in the case at bar. For example, in that case, the board of directors of the purchasing corporation was enlarged in order to accommodate the directors of the selling corporation; and that is not true in the current case. No officers or directors of Custom became officers or directors of Trinity, and there was no continuation of the product line in question. We have examined the facts surrounding the purchase and sale of the assets of Custom by Trinity, and we agree with the trial court that there is no evidence to sustain a finding that the two corporations merged.

The appellant, however, does not cite nor rely upon *Gerhardt*. Appellant's contention is that social policy requires that a purchasing corporation be held liable to an injured person for damages produced by a defective product manufactured by the selling corporation, even though the purchasing corporation had nothing to do with the manufacture, sale, or design of the defective product, on the basis that the purchasing corporation is better able to spread the loss of the injury than is the injured party. Appellant recognized that there is no case in Texas so holding and cites for persuasive authority *Knapp v. North American Rockwell Corp.*, 506 F.2d 361 (3d Cir. 1974);

*Shannon v. Samuel Langston Company,* 379 F.Supp. 797 (W.D.Mich.1974). A study of those cases, however, reveals that in each of them the court had found either that there was a de facto merger or that the purchasing corporation was simply a continuation of the selling corporation. It was only in that context that the court held the purchasing corporations to be liable to the injured plaintiffs because they were better able to spread the burden of loss. That is not the case here, where the facts have been impliedly found against de facto merger or continuation of the selling corporation by the trial court.

I am not prepared to expand the rule of strict liability for injuries from defective products to a party which neither designed, manufactured, nor sold the offending instrumentality nor had the power to prevent its entry into the stream of commerce, particularly in the face of the enactment by the legislature of Art. 510B, Tex.Bus. Corp.Act Ann. (Vernon 1980), at its first session after the Austin Court of Civil Appeals had introduced in *Gerhardt* the concept of de facto merger. While the statute was not in effect at the time of the purchase of Custom's assets by Trinity, it seems apparent that the legislature, in acting so promptly after the *Gerhardt* decision to prevent assumption of all liabilities by a purchasing corporation unless it expressly assumes them, declared the public policy of this State in a manner contrary to that sought by appellant.

Before ESQUIVEL, BUTTS and BASKIN, JJ.

## ON MOTION FOR REHEARING.

BASKIN, Justice.

Appellant urges a cause of action never heretofore recognized in Texas. He insists that a corporation which buys the assets of another corporation, *without more*, stands in the shoes of the selling corporation in a products liability case.

The following are undisputed facts: (1) appellant was hurt in Bexar County, (2) by an instrumentality designed, manufactured,

and sold by Custom, (3) Trinity (long before the accident) purchased the assets of Custom. If, without more, the purchase of Custom's assets by Trinity places Trinity in Custom's shoes, then as a matter of law, appellant has a cause of action against Trinity in Bexar County.

The majority has impliedly held that such a cause of action does not exist. I believe that appellant is entitled to have this court answer that question directly.

I would therefore grant the motion for rehearing to enable us to withdraw the opinion of the court so as to deal frontally with a question of law addressed directly to us.